IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
JANE DOE                           *

         Plaintiff                 *

    vs.                            *    CIVIL ACTION NO. MJG-14-1094

NATHAN BROWN                       *

         Defendant                 *

*    *    *    *    *    *    *    *    *
```

## MEMORANDUM AND ORDER RE: DISMISSAL

The Court has before it Defendant's Response [Document 9], which the Court finds to be a Motion to Dismiss, Defendant's Motion to Add Defendant [Document 11], and the materials submitted relating thereto.  The Court finds that a hearing is unnecessary.

A.   Dismissal

Defendant Brown seeks dismissal on the grounds that:

1. The Court lacks subject matter jurisdiction over Plaintiff's claims.

2. The Court cannot exercise personal jurisdiction over him because Plaintiff's claims are based upon illegally seized evidence.

3. Plaintiff has failed to state a claim upon which relief can be granted.

The Court shall address the contentions made by Defendant Brown in turn.

1.  Subject Matter Jurisdiction

"In order to provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction in federal-question cases – civil actions that arise under the Constitution, laws, or treaties of the United States."  Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005); see 28 U.S.C. § 1331. Here, Plaintiff presents claims in Counts I and II under federal statutes, i.e., 18 U.S.C. §§ 2252A, 2255.  Therefore, this Court has subject matter jurisdiction.  See Smith v. Husband, 376 F. Supp. 2d 603, 607 (E.D. Va. 2005) ("Plaintiff sues invoking a federal statute, 18 U.S.C. § 2255, that specifically authorizes a civil suit for the victim of any of several statutes prohibiting child molestation, exploitation, and pornography. Accordingly, the Court has subject matter jurisdiction based upon the existence of a federal question."); see also Arbaugh v. Y & H Corp., 546 U.S. 500, 503 (2006).

2.  Personal Jurisdiction

Defendant Brown contends that the Court lacks personal jurisdiction over him because the Plaintiff's claims are based upon illegally seized evidence.  Defendant Brown does not provide any authority – and the Court is aware of none – supporting his position that an illegal seizure of evidence by law enforcement would adversely affect a court's ability to

exercise personal jurisdiction over a defendant in a <u>civil action brought by the victim</u> of that individual's alleged criminal actions.  Cf. <u>Townes v. City of New York</u>, 176 F.3d 138, 145 (2d Cir. 1999) ("The fruit of the poisonous tree doctrine cannot link the unreasonable seizure and search to Townes's conviction and incarceration because this evidentiary doctrine is inapplicable to civil § 1983 actions.  The fruit of the poisonous tree doctrine is an evidentiary rule that operates in the context of criminal procedure." (citations omitted)).

    3.    <u>Failure to State a Claim</u>

To avoid dismissal for failure to state a claim, a complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009).  "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  <u>Id.</u>

The allegations contained in Plaintiff's Complaint – which must be accepted as true for present purposes, <u>see id.</u> at 678, –

establish a plausible claim that pornographic images of the Plaintiff's children (taken when the children were juveniles) were knowingly downloaded by Defendant Brown and possessed by him, and that Defendant Brown "derived sexual gratification from" the images.  Compl. ¶¶ 21, 31.  Accordingly, the Complaint will not be dismissed for failure to state a claim.

B.   Additional Defendant

Defendant Brown seeks to add as co-Defendants in the instant case: (1) the provider of "peer-to-peer file sharing software," mentioned in Compl. ¶ 85, which Defendant Brown refers to in the instant Motion as "Frontier Internet Service Provider;" and (2) "the United States Attorney, Assistant United States Attorney or staff . . . identified at [Compl. ¶ 17] who notified the victims of the Defendant's alleged violations, pursuant to the Victims Notification Act."  See [Document 11] at 2-3.

Defendant Brown presents no alleged facts or cogent theory upon which an internet software provider could be found to be "co-liable" to the Plaintiff along with him.

Defendant Brown contends that Department of Justice employees should be held "co-liable" for notifying the victims of Defendant's actions.  Absent that notification, he contends that Plaintiff's children would not have known of the violation and would not have suffered harm from his actions.

While the Court does not find this creative theory to have any substantive merit, it suffices to state that the alleged actions of the Department of Justice employees were in the course of, and within the scope of, their employment with the federal Government.  Hence, any claim based upon these actions would have to be made pursuant to the Federal Tort Claims Act ("FTCA").  See, e.g. , 28 U.S.C. § 2674; Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994) ("The Government's liability under the FTCA is limited to 'circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.' (quoting 28 U.S.C. § 1346(b)).

C.  Conclusion

For the foregoing reasons:

1. Defendant's Response [Document 9], which the Court finds to be a Motion to Dismiss, is DENIED.

2. Defendant's Motion to Add Defendant [Document 11] is DENIED.

3. The case shall proceed pursuant to the Scheduling Order being issued herewith.

SO ORDERED, on Thursday, October 30, 2014.

                                                /s/_____
                                               Marvin J. Garbis
                                    United States District Judge